UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL ORR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:14-CV-2079 WL |
| vs. | ) |
| | ) |
| BRUCE LEMMON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Michael Orr, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 17.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and citations omitted). "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Thus, a plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1)

that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

On December 15, 2012, Orr was incarcerated at the Indiana State Prison ("ISP") and was being housed in the Administrative Segregation Unit ("D-Unit"). On this date, Orr was to be segregated from other inmates during indoor recreation and shower time. Nevertheless, Officer S. Brown escorted Orr to the showers along with another inmate. Once the two inmates were uncuffed, a fight broke out between them in the showers. Orr was stabbed multiple times and he fell, hitting his head on the concrete floor. Orr alleges that Officer Brown orchestrated the fight between he and the other inmate. Orr sues Officer Brown for failing to protect him against being assaulted.

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). However, "[p]risons are dangerous places. Housing the most aggressive among us, they place violent people in close quarters." *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991). Therefore, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 837. Here, Orr has alleged that Officer Brown orchestrated and condoned the inmate's attack on him. That is enough to proceed at this stage.

Orr believes that Officer Brown's deliberate indifference also constitutes a state law claim for negligence. It does not. These are two different causes of action. Deliberate indifference is intentional or

reckless conduct, *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010), whereas negligence is more akin to an accident. An intentional act cannot constitute an accident. Further, Orr has not provided any factual allegations that demonstrate Officer Brown was negligent. The only allegations are that Officer Brown intentionally orchestrated a fight between he and another inmate. Therefore, as pleaded, Orr has not plausibly stated a claim for negligence.

Next, Orr has sued three unnamed officers and Howard Morton, the Assistant Superintendent at ISP, because they were Officer Brown's supervisors. As a practical matter his case cannot proceed against any of the unnamed inmates. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Moreover, Orr cannot hold any of these individuals liable as the official responsible for supervising Officer Brown because there is no general *respondeat superior* liability under 42 U.S.C. § 1983 and these defendants cannot be held liable simply because they are supervisors at the prison. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Therefore, these three defendants must be dismissed.

Next, Orr sues Warden William Wilson and IDOC Commissioner Bruce Lemmon for "failing to take a more severe disciplinary action against defendant Brown." (DE 17 at 15.) However, Orr does not have a constitutional right to have Officer Brown punished. *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Thus, these claims must be dismissed.

Next, as a result of the December 2012 altercation between Orr and the other offender, Orr was charged and convicted of the prison disciplinary rule of with fighting at the prison. Orr brings a claim against the investigation officer, Robert Hough and hearing officer, Officer V. Taylor, for their role in the disciplinary hearing. He argues that he is not guilty of that charge, but this is not the proper proceeding to challenge the prison disciplinary hearing board's finding because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the United States Supreme Court made clear that the principles of *Heck* also apply to prison disciplinary cases.

> In *Heck*, this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards*, 520 U.S. at 643 (citation and quotation marks omitted). Here, Orr has not even alleged that the finding of guilt has been invalidated. Because a finding of liability in this case would inherently undermine the validity of his disciplinary hearing, he may not proceed with these claims until that finding is overturned on administrative appeal or in a habeas corpus proceeding. Therefore, his claims against Hough and Taylor are dismissed without prejudice.

Finally, Orr has filed another motion for leave to proceed *in forma pauperis*. (DE 18). He has already been granted leave to proceed *in forma pauperis*, (DE 4), and there is no need to file another motion here.

For these reasons, the court:

(1) **DENIES as moot** the motion for leave to proceed *in forma pauperis* (DE 18);

(2) **GRANTS** Michael Orr leave to proceed against Officer S. Brown in his individual capacity for compensatory and punitive damages for orchestrating and condoning an attack on him by an inmate on December 15, 2012, in violation of the Eighth Amendment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Bruce Lemmon, William K. Wilson, Howard Morton, Robert Hough, and Officer V. Taylor;

(5) **DIRECTS** the clerk to transmit the summons and USM-285 forms for Officer S. Brown to the United States Marshals Service along with a copy of the amended complaint (DE 17) and this order;

(6) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer S. Brown; and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer S. Brown respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: January 19, 2016

                                              s/William C. Lee
                                              William C. Lee, Judge
                                              United States District Court